**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X          ECF

**KAMAL ZIADAT (A# 41-666-093)**

                                                                        **Case No. 08cv4690**

                                        **Plaintiff,**

          **- against -**

**ANDREA QUARANTILLO,**                                  <u>**COMPLAINT**</u>
**New York District Director of the United**
**States Citizenship and Immigration Services;**
                                                                        **Judge Stein**

                                        **Defendant.**
------------------------------------------------------------X

          Plaintiff, Mr. Kamal Ziadat ("Mr. Ziadat"), by his attorneys, BRETZ & COVEN, LLP,

hereby alleges, upon information and belief as follows:

## I.  <u>INTRODUCTION</u>

          1.          This is a civil action brought by the Plaintiff, to compel the Defendant and those

acting under her to take action on a naturalization appeal (Form N-400) that was filed on behalf

of Mr. Ziadat, with the United States Citizenship and Immigration Services ("USCIS") on or

about August 14, 2001, and on which the Defendant and those acting under her have failed to

take action.

## II.  <u>JURISDICTION</u>

          2.          This Court has jurisdiction pursuant to INA § 336(b), 8 U.S.C, §1447(b) because

the USCIS failed to make a determination regarding Mr. Ziadat's naturalization application

within 120 days after the date of his naturalization examination.

          3.          This Court also has jurisdiction pursuant to 28 U.S.C. § 1361, the Mandamus Act.

§ 1361 says, in its entirety: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4.      This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) in conjunction with the Administrative Procedure Act ("APA") (5 U.S.C. § 555(b)), and the Immigration Nationality Act ("INA") and regulations implementing it (Title 8 of the C.F.R.).

5.      Under 28 U.S.C. § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under the APA (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the INA and regulations implementing it (Title 8 of the C.F.R.).

6.      The APA requires the USCIS to carry out its duties within a reasonable time. The provision of the APA that provides this is 5 U.S.C. § 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." The USCIS is subject to 5 U.S.C. § 555(b). Mr. Ziadat contends that the delay in processing his appeal is unreasonable.

7.      The INA is clear on the duties owed by the USCIS in the application for naturalization process. INA § 103, 8 U.S.C. § 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (Emphasis added.) And, in hearings on appeal, the INA states that if at the end of the 120 days the USCIS has failed to make a decision on the application, the applicant has the right to seek judicial review by the district court in the

2

applicant's area.  INA § 336(b), 8 U.S.C. § 1447(b) states that, "If there is a failure to make a determination under INA § 335, 8 U.S.C. § 1446 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."  The language of the statute is mandatory, not discretionary, and requires the defendant to adjudicate the application for naturalization.

### III.  VENUE

8.      Venue of this action is proper under INA § 336(b), 8 U.S.C, §1447(b).  Mr. Ziadat is filing the Complaint in the district in which he resides.

### IV.  <u>PARTIES</u>

9.      Plaintiff, Mr. Ziadat, is a native and citizen of Jordan.  He first applied for naturalization (on Form N-400) on or about August 14, 2001.  He was interviewed on June 17, 2002.  Since then, the USCIS has not provided the Plaintiff or his attorneys with any specific information regarding the status of his application.

10.      Defendant Andrea Quarantillo is sued in her official capacity.  She is the New York District Director of the USCIS.  As such, she is the Department of Homeland Security's ("DHS") designate for the New York District, charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS.

3

## V. <u>FACTS</u>

11.     Mr. Ziadat is a native and citizen of Jordan.  He was born on October 11, 1949.

He became a lawful permanent resident of the United States on or around March 29, 1988.

12.     On July 7, 1994, Mr. Ziadat was sentenced to two years probation and a $2,000

fine for False Possession of Counterfeit Money.  He satisfied the terms of his sentence

successfully and his probation supervision was terminated on June 26, 1996.

13.     Mr. Ziadat's 1994 conviction is his only conviction in the 20 years he has been a

lawful permanent resident of the United States.

14.     Mr. Ziadat applied for naturalization on August 14, 2001.

15.     On June 17, 2002, Mr. Ziadat was interviewed by INS Officer Lam.

16.     Since completing the interview, Mr. Ziadat and his attorneys have made numerous

attempts to inquire into the status of his naturalization application.

17.     On May 16, 2003, Mr. Ziadat submitted a "Case/Status Inquiry" to the then-INS

office in Garden City, NY inquiring about the status of his application.

18.     On July 25, 2003, Mr. Ziadat received a response letter from DAO Jack Lam

stating that his case was pending for routine agency checks and that he would be notified of the

decision on his application when the checks were complete.

19.     On April 22, 2004, Mr. Ziadat again submitted a "Case/Status Inquiry" to the

then-INS office in Garden City, NY inquiring about the status of his application.

20.     On April 30, 2007, Mr. Ziadat used an "Infopass" to speak with an immigration

officer at 26 Federal Plaza about the status of his case.

21.     On April 30, 2007, Mr. Ziadat received a letter from Immigration Officer G.

4

Hadera advising him that his application was pending receipt for security checks and that upon receipt of all security checks, a decision would be made on his application.

22.     On April 2, 2008, Mr. Ziadat's counsel sent a letter to DAO Hadera again inquiring on the status of Mr. Ziadat's case.

23.     As of May 19, 2008, almost six years after Mr. Ziadat's naturalization application interview, USCIS has yet to take any action on Mr. Ziadat's application and has not provided Mr. Ziadat or his attorneys with any information regarding the status of his case.

## FIRST CAUSE OF ACTION

(USCIS Can be Compelled Pursuant to INA § 336(b) To Make A Decision Concerning Mr. Ziadat's Naturalization Application)

24.     The allegations contained in paragraphs 1 through 23 above are repeated and realleged as though fully set forth herein.

25.     Defendant is required pursuant to INA § 336(b), 8 U.S.C, §1447(b) to make a decision on naturalization applications within 120 days from the day of an interview.

26.     Mr. Ziadat appeared for his naturalization interview on June 17, 2002. The Defendant owes Mr. Ziadat a duty to act upon this application within 120 days from the date of the interview.

## SECOND CAUSE OF ACTION

(USCIS Can be Compelled Pursuant to 28 U.S.C. § 1361 To Make A Decision Concerning Mr. Ziadat's Naturalization Application)

27.     The allegations contained in paragraphs 1 through 26 above are repeated and realleged as though fully set forth herein.

28.     The USCIS owes Mr. Ziadat a non-discretionary duty to adjudicate his naturalization application.

29.     Defendant has willfully and unreasonably delayed and refused to take action on Mr. Ziadat's naturalization application.

30.     By making multiple follow-up inquiries on the status of his application, Mr. Ziadat has exhausted any administrative remedy that is available to him.  No other remedy exists to resolve Defendant's delay and refusal to rule on Mr. Ziadat's application.

## THIRD CAUSE OF ACTION

(USCIS Can be Compelled Pursuant to the APA To Make A Decision On Mr. Ziadat's Naturalization Application)

31.     The allegations contained in paragraphs 1 through 30 above are repeated and realleged as though fully set forth herein.

32.     Pursuant to the APA  (5 U.S.C. § 555(b) and 5 U.S.C. § 702), the government may not unreasonably delay action or fail to act where it is required to by law.

33.     Defendant has willfully and unreasonably delayed and refused to take action on Mr. Ziadat's naturalization application.

34.     By making multiple follow-up inquiries on the status of his appeal, Mr. Ziadat has exhausted any administrative remedy that is available to him.  No other remedy exists to resolve Defendant's delay and refusal to rule on Mr. Ziadat's application.

## FOURTH CAUSE OF ACTION

(The District Court May Review Mr. Ziadat's Naturalization Application *De Novo*)

35.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as though fully set forth herein.

36.     The Defendant has a clear duty pursuant to INA § 336(b), 8 U.S.C, §1447(b) to make a decision on Mr. Zaidat's application within 120 days from the day of an interview.  The Defendant has not done so.

37.     Accordingly, if the Court will not remand for USCIS to render a decision on Mr. Ziadat's naturalization application, then, Mr. Ziadat requests, in the alternative, a *de novo* review of his application for naturalization.

38.     According to INA § 316, a naturalization applicant must demonstrate: (1) lawful permanent resident status for at least five years; (2) that he has not abandoned his United States domicile, and (3) that he has been a person of good moral character for a period of time beginning five years prior to the day he files his naturalization application.  Mr. Ziadat meets all of the requirements for naturalization.

39.     Mr. Ziadat's 1994 conviction has no impact on his moral character in the five years prior to filing his naturalization application on August 14, 2001, or on his present moral character because it falls outside the five year good moral character requirement, and he has had no trouble with the law other than his 1994 conviction.

40.     Upon *de novo* review of his application, Mr. Ziadat should be granted naturalization.

7

**WHEREFORE,** and in light of the foregoing, Plaintiff, Kamal Ziadat, prays that the Court:

A.    Assume jurisdiction herein;

B.    Compel the Defendant and those acting under her to perform their duty to render a

decision on Mr. Ziadat's naturalization application; or in the alternative,

C.    Engage in a *de novo* review of Mr. Ziadat's naturalization application;

D.    Grant attorney's fees and costs of court; and

E.    Grant such other and further relief as the Court deems appropriate and just.

Dated: New York, New York
        May 19, 2008

                                    Respectfully submitted,

                                    BRETZ & COVEN, LLP
                                    305 Broadway, Suite 100
                                    New York, NY 10007
                                    (212) 267-2555


                                    /s/Matthew L. Guadagno
                                    (MG 5191)

8

## VERIFICATION

Matthew Guadagno, under penalty of perjury, states the following:

1.     That I am an attorney admitted to practice before this Court.  I am employed at

Bretz and Coven, LLP, the attorneys for the Plaintiff in the foregoing Complaint.

2.     I affirm the truth of the contents of the foregoing Complaint upon information and

belief.  The sources of my information and belief are documents provided to me by, and

conversations with, the Plaintiff.

Dated: New York, NY
          May 19, 2008


                                        /s/Matthew L. Guadagno
                                        (MG 5191)

9